■ SIGMUND H. MILLER, Appellant, v PETER W. BERG et al., Respondents.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about September 28, 1989, which granted defendants' motion for summary judgment dismissing the complaint and severing the counterclaims for trial, denied plaintiff's cross motion for summary judgment, and preliminarily enjoined plaintiff from disposing of any items of personal property, title to which is in defendants, as residuary legatees, unanimously affirmed, without costs.

The decedent died in 1978, bequeathing a life estate in the family residence to her husband, the plaintiff, with remainder interest to defendants, her children from a prior marriage. The will further provided that the remaindermen could sell the property with plaintiff's consent, in which event plaintiff would be entitled to a payment from the proceeds of $5,000 per year, for the period of his life expectancy, computed from the date of closing of title. In 1984, defendants, with plaintiff's consent, sold their remainder interest in the property for $225,000, subject to plaintiff's life estate. The question presented is whether the sale of the remainder interest alone, as opposed to a sale of the entire fee estate, entitled plaintiff to receive a share of the proceeds under the formula set forth in the will. Although we find the will to be ambiguous in this respect, the circumstances surrounding the sale of the remain-

der interest warrant summary disposition in defendants' favor. Plaintiff made no claim at the time of closing or during the ensuing 4½ years that he was entitled to remuneration. Only after defendants had embarrassed their stepfather by forcing him to retrieve personalty belonging to the residual estate which he had inadvertently given away, did he belatedly commence this action. Plaintiff is now estopped from raising his claim, in view of the prejudice suffered by the defendants, who undisputably would have realized more on the sale of the property had they not been restricted by the reservation of the life estate to plaintiff. Until the institution of this suit, no one, including plaintiff, interpreted the will as requiring payment to plaintiff for sale of the remainder interest subject to plaintiff's life estate.

Regardless of whether plaintiff disposed of personal property inadvertently or otherwise, issuance of preliminary injunctive relief against further such conveyances will protect such property without resulting in any prejudice to plaintiff. Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.